Robert F. Tyson, Jr. Esq. (Bar No. 147177)
Regina Silva, Esq. (Bar No. 173573)
TYSON & MENDES, LLP
5661 La Jolla Boulevard
La Jolla, CA  92037
Telephone:  (858) 459-4400

Attorneys for Defendants BELL DRAMATIC SERIAL COMPANY, L.P. and BELL-PHILLIP TELEVISION PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| VICTORIA ROWELL,<br><br>Plaintiff,<br><br>v.<br><br>SONY PICTURES TELEVISION, INC., SONY PICTURES ENTERTAINMENT, INC., BELL DRAMATIC SERIAL COMPANY, L.P., BELL-PHILLIP TELEVISION PRODUCTIONS, INC., CORDAY PRODUCTIONS, INC., and CBS CORPORATION,<br><br>Defendants. | Case No. 2:15-cv-02442JAK(AGRx)<br><br>Assigned For All Purposes To:<br>Hon. John A. Kronstadt<br><br>**DEFENDANTS BELL-PHILLIPS TELEVISION PRODUCTIONS, INC. AND BELL DRAMATIC SERIAL COMPANY, L.P. (1) NOTICE OF JOINDER AND JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; AND (2) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FALIURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORTIES**<br><br>Date:       September 21, 2015<br>Time:       8:30 a.m.<br>Courtroom:  750 |

**<u>NOTICE OF (1) JOINDER AND JOINDER; AND (2) NOTICE OF MOTION AND MOTION TO DISMISS</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

/ / /

PLEASE TAKE NOTICE that Defendants Bell-Phillips Television Productions, Inc., and Bell Dramatic Serial Company, L.P. (hereby referred to as "Defendants") hereby join in Defendants Sony Pictures Television, Inc., Sony Pictures Entertainment Inc. and CBS Corporation's (collectively referred to as "Defendants Sony, et. al") Motion to Dismiss Plaintiff's First Amended Complaint (Docket Entry no. 90), for all of the reasons stated therein in Defendants Sony, et. al. Motion to Dismiss, and accompanying Memorandum of Points and Authorities-specifically,  Arguments III.A, III.B, and III.C. Defendants submit that the Arguments submitted by Defendants Sony, et. al. in Arguments III.A, III.B, and III.C in their Memorandum of Points and Authorities, equally apply to Defendants equally apply to Defendants since Plaintiff Victoria Rowell asserts the same claims against Defendants Sony, et. al. that she does against Defendants, specifically, that Defendants failed to hire or rehire her for the shows the Young and the Restless, and the Bold and the Beautiful, in violation of FEHA and 42 U.S.C. section 1981.  Defendants respectfully request that any relief ordered by the Court relative to Defendants Sony, et. al. Motion to Dismiss, Arguments III.A, III.B, and III. C, be ordered in favor of Defendants.[1]

Additionally,  PLEASE TAKE NOTICE that on September 21, 2015, at 8:30 a.m., or as soon as the matter may be heard, in the Courtroom of the Honorable John A. Kronstadt of the United States District Court, Central District, Courtroom 750, at 255 East Temple Street, Los Angeles California 90012, Defendants will move the Court to dismiss the claims against Defendants by Plaintiff Victoria Rowell ("Plaintiff") in her First Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the additional grounds that the claims do not state a claim upon which relief may be granted.

---

[1] Defendants have filed a separate Motion to Join in Defendants Sony, et. al. Special Motion to Strike Plaintiff's First Amended Complaint.

DEFENDANTS' (1) NOTICE OF JOINDER AND JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; AND (2) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Ann Willmott, the pleadings and other files herein; and such other written and oral argument as may be presented to the Court.

This motion is made following a conference of counsel held pursuant to Local Rules 7-3, which took place on May 5, 2015.

Dated: May 13, 2015                    TYSON & MENDES LLP


                                       By: /s/ Regina Silva
                                           Robert F. Tyson, Jr.
                                           Regina Silva
                                           Attorneys for Defendants BELL DRAMATIC
                                           SERIAL COMPANY, L.P. and BELL-PHILLIP
                                           TELEVISION PRODUCTIONS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants hereby submit the following points and authorities in support of their motion to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.   INTRODUCTION

In a nutshell, Plaintiff Victoria Rowell ("Plaintiff") has filed her lawsuit seeking redress from this Court due to her claims that all of the Defendant s alleged in her lawsuit have refused to resurrect her character "Drusilla Winters" back from the dead on The Young and the Restless, and/or refused to hire her for a part on the Bold & the Beautiful. Plaintiff claims that all of the Defendants have refused to hire her for both shows due to discrimination and retaliation for her advocacy on behalf of African Americans in daytime television.

Plaintiff's claims, while certainly inventive, must be dismissed as to Defendants because Plaintiff has failed to state a claim upon which relief may be granted against Defendants.

In addition to the grounds raised by Defendants Sony, et. al. in their Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted, for which Defendants have joined, Defendants are also moving this Court to dismiss Defendants from this case because Plaintiff has failed to state a claim upon which relief may be granted for other reasons.  Defendants submit herein that there are a number of other reasons why Plaintiff's claim against Defendant must fail as a matter of law in addition to the grounds raised by Defendants Sony, et. al. Motion to Dismiss:  (1) Defendant Bell-Phillip Television Productions, Inc. (hereinafter "Bell-Phillip") must be dismissed from Plaintiff's First Cause of Action for Retaliation under the Fair Employment and Housing Act ("FEHA") and 42 U.S.C. § 1981, for failure to re-employ Plaintiff on the The Young and the Restless ("Y & R") or consider her for reemployment on this show, because Bell-Phillip is an improper party.  Bell-Phillip is not owned by Bell Dramatic Serial Company, L.P. ("Bell Dramatic") and has nothing to do with Y & R; (2) Defendant

Bell Dramatic must be dismissed from Plaintiff's Second Cause of Action for Retaliation under FEHA and 42 U.S.C. § 1981, for failure to re-employ Plaintiff on the The Bold and the Beautiful ("B & B") or consider her for reemployment on this show, because Bell Dramatic is an improper party. Bell Dramatic does not own Bell-Phillip and has nothing to do with B & B; and (3) Defendant Bell-Phillip must be dismissed from Plaintiff's FEHA claims under her first and second causes of action because she has failed to exhaust her administrative remedies under FEHA.

## II. STATEMENT OF FACTS

Plaintiff Victoria Rowell (hereinafter referred to as "Plaintiff") is an actress, and previously appeared on the television show the Y & R for many years starting in 1990 and through early 2007. (*See* Plaintiff's First Amended Complaint (hereinafter referred to as "P. FAC") ¶¶ 1, 20.) Plaintiff played the role of a character named "Drucilla Winters." (*Id.* at ¶18.) Plaintiff left the show voluntarily in early 2007. (*Id.* at ¶ 35.) While apparently acknowledging that her character Drucilla was killed off, Plaintiff alleges that her character was "never definitively 'killed' in the story line." (*Id.* at ¶55.)

Plaintiff alleges that Defendant Bell Dramatic has had a 48% "ownership interest" in Y & R, and that Bell Dramatic "advertises within this District, licenses show that are broadcast or otherwise displayed in this District, and otherwise does business within this District." (*Id.* at ¶11.)

Plaintiff alleges that on "information and belief" Bell-Phillip is "owned by Bell Dramatic," and that Bell-Phillip advertises within this District, licenses shows that are broadcast or otherwise displayed in this District, and otherwise does business within this District." (*Id.* at ¶12.)

Plaintiff claims that since 2010, she has attempted to approach Defendants to obtain reemployment on Y & R, or B & B, through communications she made to persons or through communications made via her representatives. (*Id.* at ¶ ¶ 56) Plaintiff does not claim that she auditioned for any roles on Y & R or B & B. (*Id.* at ¶ ¶ 57, 82.) Rather, Plaintiff claims that Defendant refused to write her character Drucilla back into Y &R and

5

cast her into that role, refused to write her character Drucilla a "crossover" storyline on B & B and cast her into that role, and refused to cast a role on B &B that she submitted for which had been shelved. (*Id*. at ¶ 58-59, 80)

Based on her allegations, Plaintiff asserts causes of action for retaliation in violation of FEHA, California Government Code §§ 12940 et. seq, and 42 U.S.C. § 1981 (Section 1981 of the Civil Rights Act (hereinafter referred to as "Section 1981").).

Plaintiff has broken her claims into three causes of action: A) Retaliation under FEHA and Section 1981 for refusal to re-employ Plaintiff or reconsider her for employment on Y & R against both Defendants, and the other defendants named in Plaintiff's lawsuit; B) Retaliation under FEHA and Section 1981 for refusal to re-employ Plaintiff or reconsider her for employment on B & B against both Defendants, and Defendant CBS; and C) Retaliation under FEHA and Section 1981 against CBS only for an alleged withdrawal of sponsorships.

### III.   PROCEDURAL HISTORY

Plaintiff dual filed her Department of Fair Employment and Housing ("DFEH") Complaint with the Department of Fair Employment and Housing and Equal Employment Opportunity Commission ("EEOC") on or about August 28, 2013. (*Id*. at ¶ 6.) Plaintiff named Bell Dramatic, Sony Pictures Entertainment, Inc., and Corday Productions, Inc. as the respondents to her DFEH Complaint. (*See* Exhibit "A" to Declaration of Ann Willmott in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief May be Granted (hereinafter referred to as "Willmott Decl.").)   Plaintiff did not name as a Respondent Bell-Phillip. (*Ibid*.)   The DFEH issued Plaintiff her "right-to-sue" letter on or about August 19, 2014. (P. FAC at ¶ 7.)

Plaintiff filed her initial lawsuit on February 11, 2015. (Docket ("Dkt") No. 1.) Defendants were served with Plaintiff's initial lawsuit on February 24, 2015. (Dkt Nos.5 & 6.)

/ / /

DEFENDANTS' (1) NOTICE OF JOINDER AND JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; AND (2) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

## IV.   ARGUMENT

### I.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

**A. Plaintiff's First Cause of Action For Retaliation Under FEHA and Section 1981 Should Be Dismissed As to Defendant Bell Phillip As Bell Dramatic Does Not Own Bell Phillip, And Bell Phillip Has Nothing To Do With The Show The Young & The Restless**

Plaintiff alleges against both Defendants two causes of action.  In the first cause of action, Plaintiff claims that she has been retaliated against under FEHA and Section 1981 by  Defendants refusal to re-employ or consider Plaintiff for reemployment on Y & R. Although Plaintiff wrongly asserts that Defendant Bell Dramatic owns the Young & the Restless, she fails to tie in Defendant Bell-Phillip to Y & R other than making a general assertion that Bell Dramatic owns Bell Phillip.  (*See* P. FAC at ¶ 12.)  Bell Phillip assumes that this is the basis for Plaintiff's naming Bell-Phillip as a defendant with regard to this cause of action.

As set forth in Ms. Willmott's declaration, though, Bell Dramatic does NOT own Bell- Phillip.  (Willmott Decl. ¶ 3.)  As Bell Dramatic does not own Bell Phillip, and Bell Phillip is not involved in any way with Y & R, this Court should dismiss Bell Phillip as a defendant from Plaintiff's first cause of action.  (*Id.* at 9.)

**B. Plaintiff's Second Cause of Action For Retaliation Under FEHA and Section 1981 Should Be Dismissed As to Defendant Bell Dramatic As Bell Dramatic Does Not Own Bell Phillip, And Bell Dramatic Has Nothing To Do With The Show The Bold & the Beautiful**

As previously noted, Plaintiff alleges against both Defendants two causes of action. In the second cause of action, Plaintiff claims that she has been retaliated against under FEHA and Section 1981 by Defendants refusal to re-employ or consider Plaintiff for reemployment on the B & B.   Although Plaintiff asserts that Bell-Phillip has 100%

DEFENDANTS' (1) NOTICE OF JOINDER AND JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; AND (2) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

ownership in B & B, she fails to tie in Defendant Bell Dramatic to B & B other than making a general assertion that Bell Dramatic owns Bell-Phillip.  (*See* P. FAC at ¶ 12.) Bell Dramatic assumes that this is the basis for Plaintiff's naming Bell Dramatic as a defendant with regard to this second cause of action.

As set forth in Ms. Willmott's declaration, though, Bell Dramatic does NOT own Bell Phillip.  (Willmott Decl. ¶ 3.)  As Bell Dramatic does not own Bell-Phillip, and Bell Dramatic is not involved in any way with B & B, this Court should dismiss Bell Dramatic as a defendant from Plaintiff's second cause of action.  (*Id*. at 7-8.)

## C. Plaintiff's First And Second Causes Of Action Under FEHA Against Defendant Bell-Phillip Must Be Dismissed Because Plaintiff Failed To Exhaust Her Administrative Remedies

California Government Code section 12965(b) provides that a plaintiff must first exhaust their administrative remedies by filing an administrative complaint of discrimination with the DFEH before they can bring a civil action for retaliation.  Failure to exhaust administrative remedies is considered a jurisdictional defect, and requires a court to dismiss a complaint where the administrative remedies have not been exhausted.  (*Okoli v. Lockhead v. Technical Operations Co*., 36 Cal.App.th 1607, 1613 (1995).)

A defendant "**must** have been named in the caption or body of the DFEH charge" in order for a plaintiff to bring a civil lawsuit against the defendant.  (*See Cole v. Antelope Valley Union High School Dist*., 47 Cal.App.4th 1505, 1515 (1996) (emphasis added).)  If a respondent/defendant is not named in the caption of the DFEH complaint, then the defendant must at least be named in the body of the administrative complaint to put that party on notice and give the party an opportunity to respond to the charges.  (*Id*. at 1510-1511.)

/ / /

/ / /

/ / /

/ / /

8

In this matter, nowhere in Plaintiff's Complaint does she actually even mention Defendant Bell-Phillip's name.  (*See* Exhibit A to Willmott Decl.) [2]  In the caption of Plaintiff's DFEH Complaint, she only alleges her FEHA claims for retaliation against Defendant Bell Dramatic, and co-Defendants Sony Pictures Entertainment, and Corday Productions, Inc.  (*Ibid*.)  Plaintiff does not allege her FEHA retaliation claims against Bell-Phillip in her DFEH Complaint caption, or anywhere else in her DFEH Complaint.  (*Ibid*.)  Nor does Plaintiff allege anywhere in her DFEH Complaint that Bell-Phillip engaged in any wrongful conduct against her.  (*Ibid*.)

Consequently, Plaintiff has failed to exhaust her administrative remedies with respect to her FEHA retaliation claims alleged against Defendant Bell-Phillip under both her first and second causes of action.  Since Plaintiff cannot technically cure her problem in that filing an amended complaint would not fix her failure to exhaust, it is appropriate to dismiss Plaintiff's causes of action with prejudice.  (*See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d. Cir. 2000).)  Hence, Plaintiff's first and second causes of action under FEHA against Defendant Bell-Phillip must be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Bell-Phillip submits that reference to Plaintiff's DFEH Complaint does not turn this request for dismissal under 12(b)(6) into a motion for summary judgment as the Court is allowed to consider affidavits and other documents in considering a 12(b) motions to dismiss. (*See Al Trade Fin., Inc. v. Petras Bank*, *supra*, at 79-80.)

## V.     CONCLUSION

For all of the foregoing reasons, and Arguments III.A., III.B, and III.C. asserted in Defendants Sony, et. al. motion to dismiss Plaintiff's First Amended Complaint (docket entry number 90), for which Defendants have also joined, Defendants respectfully request that Defendants be dismissed from Plaintiff's First Amended Complaint.

Dated:  May 13, 2015                    TYSON & MENDES LLP


                                        By:  /s/ Regina Silva
                                             Robert F. Tyson, Jr.
                                             Regina Silva
                                             Attorneys for Defendants BELL DRAMATIC
                                             SERIAL COMPANY, L.P. and BELL-PHILLIP
                                             TELEVISION PRODUCTIONS, INC.

DEFENDANTS' (1) NOTICE OF JOINDER AND JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; AND (2) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES