SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
tkennedy@sheppardmullin.com
NORA K. STILES, Cal. Bar No. 280692
nstiles@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
CORDAY PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ROWELL,<br><br>              Plaintiff,<br><br>       v.<br><br>SONY PICTURES TELEVISION, INC., et al.<br><br>              Defendant. | Case No. 2:15-cv-02442 JAK (AGRx)<br>Assigned for All Purposes To:<br>Hon. John A. Kronstadt<br><br>**DEFENDANT CORDAY PRODUCTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Hearing Date:   September 21, 2015<br>Place:          Crtrm.  750<br>Time:           8:30 a.m. |

-1-

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT AND AUTHORITIES ........................................................................ 1

    A.    Plaintiff Does Not Allege An Actionable Retaliation Claim Against CPI .......................................................................................... 1

        1.    Plaintiff Does Not Allege Any Employment Relationship With CPI ........................................................................ 1

        2.    Plaintiff Does Not Allege A Causal Connection Between Her Protected Activity And Retaliatory Conduct By CPI ............ 2

    B.    The First Amendment Compels Dismissal Of Plaintiff's Claims As to CPI ............................................................................................ 4

III. CONCLUSION ......................................................................................................... 5

-i-

# TABLE OF AUTHORITIES

Page

Cases

Bell Atl. Corp. v. Twombly
  550 U.S. 544 (2007)............................................................................................2

Burwell v. Hobby Lobby Stores, Inc.
  134 S.Ct. 2751 (2014) ................................................................................ 1, 4, 5

Claybrooks v. ABC, Inc.
  898 F.Supp.2d 986 (M.D. Tenn. 2012).................................................................4, 5

Frank v. U.S. West, Inc.
  3 F.3d 1357 (10th Cir. 1993) .............................................................................2

Ingels v. Westwood One Broadcasting Services, Inc.
  129 Cal. App. 4th 1050 (2005) .........................................................................2, 4

Laird v. Capital Cities/ABC, Inc.
  68 Cal. App. 4th 727 (1998) ..............................................................................2

Leek v. Cooper
  194 Cal. App. 4th 399 (2011)..............................................................................2

McCoy v. Pacific Maritime Assoc.
  216 Cal. App. 4th 283 (2013)..............................................................................2

Nielsen v. Trofholz Techs., Inc.
  750 F. Supp. 2d 1157 (E.D. Cal. 2010)..................................................................3

Surrell v. Cal. Water Serv.
  518 F.3d 1097 (9th Cir. 2008)..............................................................................3

Vernon v. State of California
  116 Cal. App. 4th 114 (2004)..............................................................................2

Yartzoff v. Thomas
  809 F.2d 1371 (9th Cir. 1987)..............................................................................3

Statutes

42 U.S.C. § 1981...............................................................................................................5

Federal Rule of Civil Procedure 12(b)(6)................................................................... 1, 5, 6

-iii-

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This Court should grant this motion to dismiss by Corday Productions, Inc. ("CPI").  Rather than identify the specific allegations that state a plausible retaliation claim against CPI, Plaintiff instead merely recites *all* of her allegations against *all* of the Defendants and then concludes that her claims should survive dismissal *as to CPI*.  First and foremost, the First Amended Complaint ("FAC") is devoid of any facts showing that CPI *employed* Plaintiff or could otherwise hire her for a position on the Young and the Restless ("Y&R").  Second, Plaintiff has not alleged any link between her purportedly protected activity and CPI's alleged failure to respond to a letter in March 2014 purportedly seeking re-hire.

Similarly, Plaintiff fails to set forth any facts supporting her claim that the First Amendment does not bar her requested relief, that she be re-hired to portray a character on daytime television programs.  Plaintiff's repeated citations to dicta from the recent Hobby Lobby decision are unavailing, as is her argument that there is a distinction between creative speech and political speech in this matter.  As explained below, a First Amendment defense to Plaintiff's claims does not limit or restrain her free speech.

Accordingly, as set forth in its moving papers and below, CPI requests that the Court dismiss Plaintiff's retaliation claims against CPI pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II.  ARGUMENT AND AUTHORITIES

#### A.   Plaintiff Does Not Allege An Actionable Retaliation Claim Against CPI

##### 1.   Plaintiff Does Not Allege Any Employment Relationship With CPI

The FAC contains no allegations to suggest that CPI had any employment relationship with Plaintiff or that CPI otherwise had any control over whether to hire

-1-

Plaintiff for a role on Y&R.[1]  Indeed, Plaintiff alleges only that CPI produces Y&R and has a 1% ownership interest in the program.  (FAC, ¶ 10, 13, 14.)

As set forth in CPI's moving papers, even assuming Plaintiff's allegations are be true – which they are not – a nominal 1% interest is not evidence of an employment relationship with CPI or that CPI had a "joint employer" role at Y&R. *See* McCoy v. Pacific Maritime Assoc., 216 Cal. App. 4th 283, 301-302 (2013); Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th 727, 737-738 (1998); Leek v. Cooper, 194 Cal. App. 4th 399, 411 (2011); Frank v. U.S. West, Inc., 3 F.3d 1357, 1364 (10th Cir. 1993).  Rather than address her lacking allegations, Plaintiff skips ahead to allegations of retaliation, and then attempts to distinguish these cases on the grounds that they "involved decisions at the summary judgment stage."  (Doc. 108 at 28:15-24.)   Plaintiff cites to no authority supporting this contention because the test for an employment relationship – a prerequisite to liability for retaliation – are constant, regardless of the litigation stage.  *See* Vernon v. State of California, 116 Cal. App. 4th 114, 123-127 (2004).

Here, Plaintiff has not plead "facts to raise a reasonable expectation that discovery will reveal evidence" that she and CPI had an employment relationship or that CPI was able to hire her for Y&R.[2]  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Accordingly, Plaintiff's retaliation claims against CPI should be dismissed.

2.       Plaintiff Does Not Allege A Causal Connection Between Her Protected Activity And Retaliatory Conduct By CPI

In the brief portion of Plaintiff's opposition that focuses on CPI, Plaintiff cites to twenty paragraphs of purported retaliatory conduct.  (Doc. 108 at 27:28.)  Yet only <u>one</u> of these citations actually mentions CPI:  Plaintiff alleges that she sent one

---

[1] Plaintiff's allegation that CPI removed her from an audition list on Days of Our Lives is irrelevant, as Plaintiff's claims against CPI relate only to Y&R.  (*See* FAC, ¶¶ 111-117.)

[2] To the contrary, discovery will reveal that CPI has not produced Y&R since the mid-1970s and that CPI has zero current ownership interest in Y&R.  (*See* Felsen Decl. ¶ 3.)

-2-

letter to CPI in March 2014 (seven years after she voluntarily left Y&R) to express her desire to return to work at Y&R, and that she did not receive a response.  (FAC, ¶ 83.)  This letter is Plaintiff's only allegation of retaliatory conduct by CPI and it stands alone.  It is not bolstered by any contention that CPI had knowledge of any purported protected activity by Plaintiff or that CPI failed to respond for retaliatory reasons, or for that matter that anyone at CPI actually received any such letter.  As such, Plaintiff has not alleged the requisite causal connection between her advocacy and CPI's alleged "failure to respond" – which is not an adverse "employment action."   *See* <u>Surrell v. Cal. Water Serv.</u>, 518 F.3d 1097, 1108 (9th Cir. 2008).

Plaintiff concedes that evidence that the employer was aware of the protected activity is "essential" to establishing a retaliation claim.  (Doc. 108 at 21:26-28 (*citing* <u>Yanowitz v. L'Oreal USA, Inc.</u>, 36 Cal. 4th 1028, 1071 (2005).)  Plaintiff argues that such awareness may be inferred from a close proximity in time between the protected activity and the alleged retaliatory action.  (<u>Id.</u> at 22:1-8.)  Plaintiff cites to <u>Nielsen v. Trofholz Techs., Inc.</u>, 750 F. Supp. 2d 1157, 1170 (E.D. Cal. 2010), and <u>Yartzoff v. Thomas</u>, 809 F.2d 1371, 1376 (9th Cir. 1987), where courts inferred a causal connection if retaliatory conduct occurred within three months (or less) of the protected activity.

Plaintiff's allegations fail the very legal test she endorses.  **Plaintiff does not allege that CPI was aware of *any* of her supposedly protected activity.  Nor does Plaintiff allege a temporal link between her protected activity and CPI's failure to respond to her letter.**  Instead, and true to form, Plaintiff's opposition conflates her allegations against all of the defendants:  she cites to thirty-two paragraphs in the FAC to argue that she has sufficiently plead a causal link in her claim against CPI.  (Doc. 108 at 28:8-14.)  The only cited paragraph that actually refers to CPI, however, is Plaintiff's singular allegation regarding a March 2014 letter.  (FAC, ¶ 83.)  Further, the alleged protected activity – Plaintiff "spoke" about her experiences at a music festival – that is closest in time to that letter occurred on

-3-

July 5, 2013, *more than eight months prior*.  (FAC, ¶¶ 50, 83; *see also* Doc. 108-1 at 4.)

A retaliation claim is only established if there is a causal connection between protected activity and retaliatory conduct.  Here, Plaintiff pleads no facts to link any of her protected activity to CPI's conduct.  Therefore, Plaintiff's retaliation claim against CPI cannot survive a motion to dismiss.

**B.      The First Amendment Compels Dismissal Of Plaintiff's Claims As to CPI**

As set forth in the moving papers, First Amendment protections for creative speech provide an independent basis to dismiss Plaintiff's claims against CPI.  Casting decisions constitute protected speech because of their impact on the overall creative content of a television program.  Claybrooks v. ABC, Inc., 898 F.Supp.2d 986, 999 (M.D. Tenn. 2012).  The First Amendment affords media outlets the right to control the creative content of their programs, and any regulation of that creative content is subject to strict scrutiny.  Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal. App. 4th 1050, 1064 (2005).  Here, regardless of how Plaintiff frames her claims, she is asking this court to order that she be "cast" as a character on a daytime television show which obviously is a control and a regulation of creative content.  (*See* id. at 40:2-3.)

Plaintiff's opposition fails to differentiate the compelling authority that establishes a First Amendment bar to her claims.  Instead, Plaintiff misguidedly argues that intermediate scrutiny controls, without citing to any supporting authority.  (Doc. 108 at 36:17-18.)

Here, Plaintiff argues that her claims survive strict scrutiny and repeatedly cites to inapt dicta in Burwell v. Hobby Lobby Stores, Inc., 134 S.Ct. 2751, 2783 (2014).  In fact, Hobby Lobby, 134 S.Ct. at 2759, determined that specific regulations of the Patient Protection and Affordable Care Act of 2010 that required corporations to provide health insurance coverage for methods of contraception that violated the religious beliefs of a corporation's owners violated the Religious

-4-

Freedom Restoration Act of 1993.  The <u>Hobby Lobby</u> decision provides no guidance on the First Amendment issues present here:  Plaintiff merely cherry-picks a single line from the Court's decision and then mischaracterizes that statement as the Court's holding.  (*See* Doc. 108 at 35:20-23; 38:23-25.)  As such, Plaintiff's <u>Hobby Lobby</u> arguments are without merit.

Plaintiff's "strict scrutiny" analysis ultimately contends that her claims are "narrowly tailored" to a compelling government interest because she seeks "narrow" remedies.  (Doc. 108 at 39:27-28.)  This conclusory statement lacks legal and factual support.  Plaintiff admits that she requests "that she be reinstated into the position she held for years," but then argues that she "is not attempting to regulate Defendants' casting decisions."  (*See* <u>id.</u> at 40:2-3.)  A court order to create (or resurrect) a character and to hire a specific actress to portray that character is an order for creative speech.  Such regulation of creative content runs afoul of the First Amendment.  *See* <u>Claybrooks</u>, 898 F.Supp.2d at 999.

Finally, Plaintiff's last-ditch argument that dismissal of her claims limits *her* First Amendment rights is also wrong.  That the First Amendment proscribes Plaintiff's lawsuit, which seeks to compel and/or punish creative speech, in no way restricts Plaintiff's right to speak about "important, national issues, including racial discrimination."  Indeed, if Plaintiff's lawsuit is dismissed at the hearing on September 21, 2015, Plaintiff will leave the courtroom with her First Amendment rights intact.  The same cannot be said for CPI.

## III.  CONCLUSION

For all of the foregoing reasons and based on the authorities set forth in the moving papers and herein, PDS respectfully requests an Order from the Court:  (i) dismissing Plaintiff's claims against CPI under FEHA for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); (ii) dismissing Plaintiff's claims against CPI under 42 U.S.C. § 1981

-5-

pursuant to Federal Rule of Civil Procedure 12(b)(6); and (iv) for such other and further relief as this Court deems just and proper.

Dated:  July 1, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ *Tracey A. Kennedy*
TRACEY A. KENNEDY
NORA K. STILES

Attorneys for Defendant
CORDAY PRODUCTIONS, INC.

-6-