Robert F. Tyson, Jr. Esq. (Bar No. 147177)
Regina Silva, Esq. (Bar No. 173573)
TYSON & MENDES, LLP
5661 La Jolla Boulevard
La Jolla, CA  92037
Telephone:  (858) 459-4400

Attorneys for Defendants BELL DRAMATIC SERIAL COMPANY, L.P. and BELL-PHILLIP TELEVISION PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| VICTORIA ROWELL, | Case No. 2:15-cv-02442JAK(AGRx) |
| Plaintiff, | Assigned For All Purposes To:<br>Hon. John A. Kronstadt |
| v. | **DEFENDANTS BELL-PHILLIP TELEVISION PRODUCTIONS, INC. AND BELL DRAMATIC SERIAL COMPANY, L.P.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)** |
| SONY PICTURES TELEVISION, INC., SONY PICTURES ENTERTAINMENT, INC., BELL DRAMATIC SERIAL COMPANY, L.P., BELL-PHILLIP TELEVISION PRODUCTIONS, INC., CORDAY PRODUCTIONS, INC., and CBS CORPORATION, | |
| Defendants. | Date:        September 21, 2015<br>Time:        8:30 a.m.<br>Courtroom:  750 |

Defendants Bell Dramatic Serial Company, LP ("Bell Dramatic"), and Bell Phillip Television Productions, Inc. ("Bell Phillip") (collectively referred to as "Defendants") hereby submit the following Reply brief in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.      INTRODUCTION

In Plaintiff Victoria Rowell's ("Plaintiff") Opposition to all of the Defendants Motions to Dismiss, Plaintiff spends a lot of time arguing that she should be allowed to

DEFENDANTS'REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF  CIVIL PROCEDURE 12(b)(6)

proceed with her retaliation/failure to re-employ causes of action because she has asserted in the First Amended Complaint her long standing history of advocacy on behalf of African Americans, and her opposition to racial discrimination, within the entertainment industry.  Where Plaintiff completely misses the mark, though, is that to even demonstrate a cause of action under the Fair Employment and Housing Act ("FEHA"), or section 1981, for retaliation Plaintiff must set forth, at a minimum, that she has applied or submitted for a role with any of the Defendants and was denied.  Plaintiff openly admits in her Opposition brief, as she asserts in her First Amended Complaint, that either herself, or someone acting on her behalf, sought out a role on the Young and the Restless ("Y & R") and the Bold and the Beautiful ("B & B").  That she never applied for a role on Y & R or B & B, which was denied.  For this reason alone, Plaintiff's retaliation allegations asserted in her first and second causes of action must be dismissed.  Additionally, Plaintiff has failed to address how she overcomes the First Amendment argument that Defendants Sony Pictures Television, Inc, Sony Pictures Entertainment, Inc., and CBS Corporation have asserted as additional grounds for dismissal of Plaintiff's first and second causes of action, for which Defendants have joined.  (*See* Docket ("Dkt.") No. 93.)

Further, Plaintiff's arguments that the Court should proceed against Defendant Bell Dramatic for her second cause of action involving B & B, and against Defendant Bell Phillip for her first cause of action involving Y & R, even though Defendants have offered evidence that neither Bell company shares ownership interest and/or has anything to do with the other's participation/involvement in either Y & R or B & B, based on the bare assertion that she has pled adequate ownership interest and/or participation/involvement with the show, is misplaced.  Case authority allows for this Court to consider other evidence that wholly contradicts a plaintiff's conclusory allegations in a complaint.

Finally, Plaintiff's argument that she has exhausted her administrative remedies required under FEHA with respect to Bell Phillip even though she did NOT name Bell Phillip anywhere in her Department of Fair Employment and Housing Act ("DFEH") Complaint because Bell Phillip's attorney and corporate representative was present at a

DEFENDANTS'REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

DFEH Mediation, is misleading.  Not to mention, Plaintiff offers no evidence whatsoever that Bell Phillip was actually a party to the DFEH process, and/or submitted itself to the DFEH process.

## II.  ARGUMENT

### A.  Plaintiff Has Failed To Demonstrate An Actionable Claim For Retaliation Under FEHA or Section 1981

As previously indicated, Plaintiff spends the majority of her Opposition brief describing all of the actions she has taken to advocate on behalf of African Americans in the entertainment industry, and, further, documenting all of her efforts to be rehired for the show Y & R, or employed on the show B & B.[1]  Plaintiff never actually explains, though, how she has set forth the required elements for a claim for retaliation under FEHA and Section 1981. In Plaintiff's own brief, she cites to the relevant authority which provides that in order for a plaintiff to proceed on a retaliation claim under FEHA or Section 1981, a plaintiff must plead that that they (1) engaged in protected activity; (2) suffered an adverse employment action; and (3) there was a causal connection between the activity and adverse employment action. (*Yanowitz v. L'Oreal USA, Inc*.,  36 Cal.4th 1028, 1042 (2005); *Bastidas v. Good Samaritan Hospital* 2014 WL 6900051, *3 (N.D. Cal. 2014) .)  Plaintiff, by her own pleadings, admits that she did not actually apply for an open role on Y & R, and, further, that a role that she did apply for on B & B, she later discovered had been pulled (meaning there was no role being cast).  (*See* Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("P. Oppos."), p. 11-14.)  It is irrelevant that Plaintiff initiated communications with various persons at Sony, CBS, Bell Phillip, or Bell Dramatic in order to try and obtain a role back on Y & R, or new role on B

---

[1] Plaintiff spends almost an entire page talking about alleged discrimination she experienced when on the show Y & R prior to her departure in 2007.  These claims, while provoking, have nothing to do with Plaintiff's present allegations, and, more importantly, were all waived as part of a Release Plaintiff signed when she left Y & R. (*See* Dkt. No. 18-1.)

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF  CIVIL PROCEDURE 12(b)(6)

& B, because the law does NOT provide that an entity can be held liable for refusing to hire/re-employ a person for a position that is not open.

Rather, than belabor these points and legal authority supporting Defendants' position, Defendants cite to, and join in, Defendants Sony Pictures Television, Inc, Sony Pictures Entertainment, Inc., and CBS Corporation ("Sony Pictures, et. al.") Reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), Arguments IIA and IIB. (Dkt. No. 112.) For the same legal authority and reasoning cited by Defendants Sony Pictures, et. al. in Arguments IIA and IIB of their Reply brief, Plaintiff's first and second causes of action in her First Amended Complaint must be dismissed.[2]

**B. Plaintiff's General Assertions About Defendants Ownership Interest Are Not Sufficient to Allow Her to Proceed Against Both Defendants For Her Claims Involving Y & R, and B & B**

In a nutshell, Plaintiff argues that she should be allowed to proceed against both Defendants in both causes of action against Y & R and B & B based on her general assertion about Defendants' ownership interest. (P. Oppos., pp.18-19.) Plaintiff is wrong.

Generally, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) Moreover, a Court must accept Plaintiff's factual claims in his/her complaint to be true, and draw all reasonable inferences in favor of the plaintiff. (*Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 8254 (9th Cir. 2009).) For purposes of Rule 12(b)(6), a claim has facial plausibility when a plaintiff pleads enough factual content that allow a court to draw reasonable

---

[2] Defendants have already submitted a separate Notice of Joinder with Defendants Sony Pictures, et. al. Motion to Dismiss Plaintiff's FEHA claims under California's Anti-SLAPP statute, and by this Reply, further join in Defendants Sony Pictures, et. al. argument and reasoning set forth in Defendants Sony Pictures, et. al. Reply brief in support of their Special Motion to Strike (Dkt. No. 113.)

DEFENDANTS'REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

inferences that the defendant is liable under the alleged claim(s).  (*Bell Atlantic Corp.*, *supra*, at 556.)  Where allegations are "conclusory," they are "not entitled to be assumed true." (*See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).)

Moreover, contrary to Plaintiff's argument, a Court may look to materials outside of a complaint when reviewing a motion to dismiss. (*See Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010).)   Even if the materials are deemed beyond those considered permissible on a motion to dismiss, a Court has the discretion to convert the motion to one for summary judgment pursuant to Rule 56, and to issue its ruling accordingly.  (Federal Rules of Civil Procedure, Rule 12(d).)

In this matter, Plaintiff has named both Bell Dramatic and Bell Phillip in her first and second cause of action in her First Amended Complaint.  In Plaintiff's first cause of action, Plaintiff claims that both Defendants failed to reemploy and/or consider her for reemployment on the show Y & R.  (Dkt. No. 75, ¶¶ 111-124.)    In Plaintiff's second cause of action, Plaintiff claims that both Defendants failed to reemploy and/or consider her for reemployment on the show B & B. (Dkt. No. 75, ¶¶ 125-128.)    Plaintiff generally avers that Bell Phillip owns Bell Dramatic, hence, she can sue both Bell entities under her first and second causes of action.  (Dkt. No. 75, ¶¶ 12.)   In addition, Plaintiff asserts in her Compliant that Bell Dramatic owns 48% of Y & R, and Bell Phillip owns 100% of B & B. (Dkt. No. 75, ¶¶ 11-12.)    Plaintiff does not assert that Bell Dramatic owns any piece of B & B, nor does she assert that Bell Phillip owns any piece of Y & R. (*Ibid*.)  What Plaintiff appears to be doing is asserting that Bell Dramatic is tied to B & B, and Bell Phillip is tied to Y & R, because Bell Phillip allegedly owns Bell Dramatic.  Aside from the fact that if Bell Dramatic were owned by Bell Phillip, this would not by itself be sufficient to proceed with a claim involving B & B, Plaintiff offers nothing to refute Defendants' corporate evidence that there is no shared ownership interest between the two entities.  Rather, Plaintiff argues that the Court cannot consider the corporate evidence (Declaration of Ann

/ / /

/ / /

DEFENDANTS'REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

Willmott) offered to support dismissal of Bell Dramatic from the claims involving B & B, and Bell Phillip from the claims involving Y & R. [3] (P. Oppos., p. 6.)

Plaintiff's argument that Defendants' corporate evidence cannot be used in this matter because the material is outside the Complaint is misplaced, and contrary to the holding in *Coto Settlement*, 593 F.3d at 1038.  *Coto* allows for the consideration of materials outside the complaint where the allegations necessarily involve other documents. In Plaintiff's First Amended Complaint, she makes a conclusory statement that Bell Phillip owns Bell Dramatic.  (Dkt. No. 75, ¶¶ 12.)   Defendant's corporate documents, via the declaration by Ann Willmott, who holds a separate executive position in both Bell Dramatic and Bell Phillip, sets forth that Bell Dramatic and Bell Phillip do not share an ownership interest, and have no shared interest in either Y & R or B & B.  (*See* Dkt. No.93-1; ¶¶ 3-5,9.)

Defendants submit that just because Plaintiff puts an "upon information and belief" caveat in front of her general allegation that Bell Phillip owns Bell Dramatic, does not support a reasonable inference that both Defendants are liable for retaliation under Plaintiff's first and second causes of action.  (*See Cummings v. United Healthcare Services*, 2014 WL 1302029, *3-4  (D. Nev. 2014).)  In *Cummings*, the district court refused to allow a lawsuit to proceed against a parent corporation, who did not employ the plaintiff, even though the plaintiff pled that the parent corporation could be named pursuant to a joint employer or integrated enterprise theory.  (*Ibid.*)  In this matter, Plaintiff is attempting to proceed against Bell Phillip for claims involving Y & R, and against Bell Dramatic for claims involving B & B, based on a single bald assertion that Bell Phillip owns Bell Dramatic.  There can be no reasonable inference drawn to allow for the first cause of action involving Y & R to proceed against Bell Phillip, or for the second cause of action involving B & B to proceed against Bell Dramatic based on a single assertion in light of the corporate evidence (which is undisputed).

---

[3] Plaintiff does not move to strike Ms. Willmott's declaration.

DEFENDANTS'REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF  CIVIL PROCEDURE 12(b)(6)

Consequently, Bell Phillip should be dismissed from Plaintiff's first cause of action, and Bell Dramatic should be dismissed from Plaintiff's second cause of action.

### C. Plaintiff Has Failed To Demonstrate That She Has Exhausted Her Administrative Remedies Under FEHA Against Bell Phillip

In her Opposition brief, Plaintiff appears to acknowledge that Bell Phillip was NOT named in her DFEH Complaint.  Nevertheless, Plaintiff asserts that Bell Phillip can be sued under FEHA because Bell Phillip allegedly was on notice of Plaintiff's Charge and had representation at a DFEH Mediation via its attorney and company representative.  (P. Oppos., p. 19.) Plaintiff's argument is misplaced, and misapplies the relevant authority allowing for a party to assert an exception to the requirement that a party be named in a DFEH Complaint.

First of all, Plaintiff's argument that Bell Phillip must have been on notice of the charges against Bell Dramatic because Bell Phillip owns Bell Dramatic is not sufficient where, again, Plaintiff is relying on a conclusory allegation which Defendants have already refuted with corporate evidence to the contrary (that Plaintiff does not dispute).  Second, the administrative exhaustion requirement under FEHA that requires a party to be named in the Complaint is mandatory, and subject to a very limited exception.  That exception is only applied where there is evidence that the party NOT named has actually participated in the DFEH process.  (*See Corkill v. Preferred Employers Group, LLC*, 2011 WL 5975678, *9 (S.D. Cal. 2011)[4]; *Sosa v. Hiroaka*, 902 F.2d 1451, 1459 (9th Cir. 1990).)  Plaintiff has not demonstrated, or asserted in her First Amended Complaint, that Bell Phillip participated in the DFEH process.

In Plaintiff's Opposition brief, Plaintiff claims that Bell Phillip participated in the DFEH process by its attorney, Regina Silva, and Vice President of Operations, Ann Willmott, attending the DFEH Mediation that was held on February 27, 2014, with respect to Plaintiff's DFEH Complaint.  (P. Oppos., p. 20.)  Plaintiff does not offer any evidence to

---

[4] This is an unreported case cited by Plaintiff in her Opposition brief.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

support this claim.  As set forth in Ms. Willmott's declaration, she is a Vice President for Bell Dramatic, and is also Vice President of Operations for Bell Phillip.  (See Dkt. No. 93-1, ¶ 2.)  The DFEH Complaint named Bell Dramatic as a Respondent.  The fact that Ms. Willmott would attend a DFEH Mediation in which Bell Dramatic was named does not implicate Bell Phillip since Ms. Willmott was required to attend the Mediation on behalf of Bell Dramatic. Similarly, the fact that both Bell Phillip and Bell Dramatic are now represented by the same attorney, who also attended the DFEH Mediation in which Bell Dramatic was named as a Respondent, does not again lead to the assumption that Bell Phillip was a participant in the underlying DFEH process.  There is no evidence whatsoever proffered by Plaintiff in her Opposition brief, or her First Amended Complaint, that Bell Phillip was either named as party to her DFEH Complaint, or was a participant in the DFEH proceedings.

The exception carved out by the *Corkill* and *Sosa* cases do not apply here, where Bell Phillip did not insert itself in the DFEH process, and there is no evidence of such conduct by Bell Phillip.  In *Corkill v. Preferred Employers Group, LLC*, 2011 WL 5975678, *9, counsel for the non-named party submitted to the DFEH an eight-page response to Plaintiff's DFEH Charge.  In addition, the non-named party represented that the party who had been named was not the correct party, and that the proper respondent was the non-named party.  (*Ibid.*)  The Court found that based on these actions from the non-named party, the non-named party was on notice of the DFEH Charge and participated in the DFEH proceedings related to the charge.  (*Ibid*.)  In *Sosa v. Hiroaka*, 902 F.2d 1451, 1460, the Court stated that the individual parties not named could be considered "identical" to the named party because of the claims being alleged.

In this case, there is nothing to suggest that Bell Phillip was a participant in the DFEH proceedings, or considered to be "identical" to the named party Bell Dramatic since Bell Phillip is not connected to the show Y & R, nor share ownership with Bell Dramatic.

Finally, based on the same equitable principles set forth by Plaintiff's counsel, it would be unjust to find that the requirement to name Bell Phillip as a party in Plaintiff's

8

DFEH Complaint, as a prerequisite to filing FEHA claims against Bell Phillip, could be waived here given the circumstances of the claims and parties. In *Valdez v. City of Los Angeles*, the California Court of Appeal stated that while there is a general policy which allows for liberally construing allegations in FEHA charges, this policy did not apply to the naming of respondents in a charge. (231 Cal.App.3d 1043, 1060-1061 (1991).) The Court in *Valdez* noted that it was not fair for a claimant to withhold names that were reasonably obtainable at the administrative stage, and not fair to unnamed persons who are later sued in a civil lawsuit but prevented the right to participate in the administrative process. (*Ibid*.) In this matter, the rationale set forth in *Valdez* should be followed here because it is not even a remote possibility that Plaintiff did not possess the knowledge that Bell Phillip was the owner/producer of B & B. Plaintiff has set forth these facts in her own Complaint. (Dkt No. 75, ¶ 12.) In addition, Plaintiff was represented by counsel at the time she filed her DFEH Complaint, hence, removing the possibility that Plaintiff as a lay person could have mistakenly believed she did not have to name Bell Phillip in her DFEH Complaint, or did not have the requisite knowledge about Bell Phillip. (Dkt. No. 93-2.)

Therefore, Plaintiff's first and second causes of action under FEHA against Bell Phillip should be dismissed with prejudice.

### III.    CONCLUSION

Consequently, for all of the reasons set forth above, Defendants respectfully submit that they be dismissed from Plaintiff's first and second causes of action of Plaintiff's First Amended Complaint.

Dated: July 1, 2015                    TYSON & MENDES LLP


By: /s/ Regina Silva
Robert F. Tyson, Jr.
Regina Silva
Attorneys for Defendants BELL DRAMATIC
SERIAL COMPANY, L.P. and BELL-PHILLIP
TELEVISION PRODUCTIONS, INC.

DEFENDANTS'REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)